(C. D. 1586)

HENRY WILD SURVEYING INSTRUMENT
    SUPPLY CO. OF AMERICA      }  *v.* UNITED STATES
ROHNER, GEHRIG & CO., INC.

United States Customs Court, First Division

(Decided February 10, 1954)

*Barnes, Richardson & Colburn* (*Edward N. Glad* and *Joseph Schwartz* of counsel) for the plaintiffs.

*Warren E. Burger*, Assistant Attorney General (*John J. McDermott* and *Joseph E. Weil*, special attorneys), for the defendant.

Before OLIVER and MOLLISON, Judges

OLIVER, Chief Judge: The merchandise involved in this case consists of certain glass prisms and glass micrometer drums that are essential parts of the "T3 precision theodolite," an instrument used by engineers in surveying operations for determining the location of points both in vertical and horizontal planes.

The prisms and micrometer drums in question were classified as scientific articles, composed wholly or in chief value of glass, under paragraph 218 (a) of the Tariff Act of 1930, and assessed with duty

at the rate of 85 per centum ad valorem. Plaintiffs made three claims. The provisions under which plaintiffs seek classification are as follows:

Paragraph 226, Tariff Act of 1930:

* * * strips of glass not more than three inches wide, ground or polished on one or both sides to a cylindrical or prismatic form, including those used in the construction of gauges, and glass slides for magic lanterns, 35 per centum ad valorem.

Paragraph 230 (c), Tariff Act of 1930:

Glass ruled or etched in any manner, and manufactures of such glass, * * * for measuring or recording purposes, 55 per centum ad valorem.

Paragraph 230 (d), Tariff Act of 1930, as modified by T. D. 51802 and T. D. 51898:

All glass, and manufactures of glass, or of which glass is the component of chief value, except broken glass or glass waste fit only for remanufacture, not specially provided for:

        *        *        *        *        *        *        *
Other_____ 40% ad val.

The "T3 precision theodolite" is chiefly used by the United States Coast and Geodetic Survey for precise triangulation. To obtain a reading with the use of the instrument, the eye end of a telescopic tube is sighted on the target to be defined. The particular angle desired is fixed by turning the theodolite on an axis located in the center thereof and "flipping" a glass prism, either to the right for a horizontal reading, or to the left for a vertical reading. A path of light (daylight), led into the instrument, is reflected on a mirror, and by means of an optical train, which includes the prisms and micrometer drums under consideration, the light rays are reflected, enlarged, and deflected, and finally carried to a micrometer drum from which the reading is made, down to two-tenths of a second of an arc.

All of the foregoing facts are set forth in our previous decision in this matter, reported in *Henry Wild Surveying Instrument Supply Co. of America* and *Rohner, Gehrig & Co., Inc.* v. *United States*, 30 Cust. Ct. 13, C. D. 1492. The case is now before us on rehearing pursuant to plaintiffs' motion, to which no objection was offered by defendant. At the trial on rehearing, plaintiffs' position was explained by counsel as follows:

MR. SCHWARTZ: It is our contention that the proper classification of theodolites is as surveying instruments under paragraph 360, and that the prisms and micrometer drums are parts of surveying instruments. However, since paragraph 360 is limited to articles and parts that are wholly or in chief value of metal, these parts cannot fall within paragraph 360, and therefore the claim that we rely on is that these glass parts are dutiable under paragraph 230 (d), as modified by T. D. 51898, as all glass and manufactures of glass not specially provided for.

In our previous decision, C. D. 1492, *supra*, we found, on the basis of the record then before us, that "the T3 precision theodolite is an optical measuring instrument," and since the glass prisms and micrometer drums under consideration are essential parts thereof, we held the articles in question to be properly classifiable as parts of optical measuring instruments.

In the affidavit supporting plaintiffs' motion for rehearing, counsel stated that they were in possession of information, showing that the T3 theodolite is not an optical measuring instrument, but is "in fact the most commonly used surveying instrument and is a surveyor's transit, the instrument by which a surveyor is commonly identified." The allegations then made were substantially supported at the trial on rehearing by the uncontradicted testimony of three well-qualified witnesses, all engineers engaged in surveying operations and thoroughly familiar with the use and the operation of the T3 theodolite.

The combined testimony of those three witnesses establishes that basically there is no distinction between the theodolite and the transit. Both instruments are exclusively employed in surveying work. The only difference is a matter of complexity and not of principle. The theodolite is more precise because it "has 65 power magnification in the reading microscope, whereas in the ordinary surveyor's transit you use a simple magnifiying glass, an ordinary glass." The testimony on rehearing shows further that the primary purpose of the T3 theodolite is to determine angles, and that the optical phase thereof merely assists in readings therefrom by bringing into focus for the human eye to see that which has already been determined.

Plaintiffs' supplementary proof gives to the present record a materially different aspect from that which appeared upon original presentation of the issue. The record now before us establishes that the T3 precision theodolite, in its exclusive use in surveying operations, employs optical features only as an aid for reading results accomplished by the instrument. In other words, the predominant or primary use of the T3 theodolite does not lie in the employment of its optical features. Under such circumstances, it is not an optical measuring instrument. *United States* v. *American Machine & Metals, Inc.,* 29 C. C. P. A. (Customs) 137, C. A. D. 183.

The T3 precision theodolite is concededly a surveying instrument, and, as we stated in our previous decision, C. D. 1492, *supra*, "These prisms and micrometer drums under consideration are indispensable parts of the 'T3 theodolite,' for which they are especially manufactured and in which they are exclusively used." The articles in question, being composed of glass, are removed from classification under the provision for parts of surveying instruments in paragraph

360 of the Tariff Act of 1930, which is confined to merchandise "wholly or in chief value of metal."

Plaintiffs' claims under paragraphs 226 and 230 (c), *supra*, were before us when this case was originally presented, and in disposing of the said claims we stated that they "relate to classes of merchandise not dedicated to any particular purpose, but rather susceptible of a variety of uses. The articles in question are beyond the status of merchandise within any of those categories." There is nothing in plaintiffs' testimony on rehearing to change those views. Accordingly, we adhere to our previous decision and overrule both of the said claims.

Plaintiffs' claim for classification under the residuary provision of paragraph 230 (d), as modified, *supra*, is untenable. The present merchandise consists of definite articles that are necessary parts of a surveying instrument, and, being specially adapted and exclusively employed in the science of surveying, they are provided for under the provision in paragraph 218 (a), *supra*, as scientific articles, composed wholly or in chief value of glass, and dutiable at the rate of 85 per centum ad valorem, as assessed by the collector.

On the basis of the complete record and for the reasons hereinabove set forth, the protest is overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.